facts considered by the United States Supreme Court in determining the status of this defendant ( *U. S.* v. *Brooklyn Eastern District Terminal,* 249 U. S. 296), we find no ground for refusing to apply the ruling in the case cited, which held that the Hours of Service Act* applied to defendant.   The Transportation Corporations Law, amongst other things, requires freight terminal companies to " impartially serve all requiring its service within the locality described in its certificate of incorporation," and renders every such corporation " liable as a common carrier " as to all freight, goods or property intrusted to it for any services within the purposes of its incorporation as defined by the act (§ 155).   Such corporations are also subject to the supervision, control and regulation of the Public Service Commission " to the same extent as are railroads " (§ 156); and they are also empowered to acquire property by condemnation, which property is declared " to be a public use " (§ 157).   We think it was necessary to decide that the defendant was a common carrier by railroad in order to apply to it the Hours of Service Act, as was done by the United States Supreme Court (*supra*). We think it could not be a common carrier within that act and not be a common carrier within the provisions of the Federal Employers' Liability Act.†   Our Court of Appeals (*Cott* v. *Erie R. R. Co.,* 231 N. Y. 67, 72) so regarded this defendant and other terminal roads.   We are of opinion that the verdict‡ is not against the weight of the credible evidence, nor that it is excessive, as a matter of law. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

ELLEN COE and DAISY SQUIRES, Respondents, Appellants, v. JOSEPHINE WRIGHT CHAPMAN, Appellant, Respondent.— Interlocutory judgment modified by substituting for the referee named therein the Hon. Russell Benedict, official referee, and as so modified affirmed, without costs.   The purpose of making this change is to avoid additional expense to the parties.   Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur.

WILLIAM DEININGER and Others, etc., Respondents, v. WILLIAM B. WARD, Appellant, and Others, Defendants.   (Appeal No. 2.) — Order denying defendants' motion to compel service of an amended complaint, etc., modified by providing that within twenty days after service of the order herein, plaintiffs shall serve upon the attorneys for the several defendants, appellants, a statement of the various statutes of the State of Maryland, referred to in paragraphs 19, 20 and 21 of the complaint, giving the title of the acts referred to, date of passage, and such other information as may be necessary to identify the statute, and if the alleged violation of the law depends upon the provisions of some particular section or part of the statute, the plaintiffs shall so state, indicating the particular portion of the act referred to.   Also by directing that the words in paragraph 23 of the complaint, " and other similar stock transactions," be stricken out as irrelevant and immaterial.   As so modified the order is affirmed, without costs.   Defendants' time to answer extended for twenty days after service

---

* See 34 U. S. Stat. at Large, 1415, chap. 2939, as amd. by 39 id. 61, chap. 109.— [REP.

† See 35 U. S. Stat. at Large, 65, chap. 149, as amd. by 36 id. 291, chap. 143.— [REP.

‡ Verdict was for $25,000 in an action to recover for personal injuries.— [REP.

of the statement herein required. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur. Settle order on notice.

WILLIAM DEININGER and Others, etc., Respondents, v. WILLIAM B. WARD and Others, Defendants, Impleaded with JOSEPH W. RUMBOUGH, RALPH E. PETERSON and GENERAL BAKING CORPORATION, Appellants. (Appeal No. 3.) — Order denying defendants' motion to compel service of an amended complaint, etc., modified by providing that within twenty days after service of the order herein, plaintiffs shall serve upon the attorneys for the several defendants, appellants, a statement of the various statutes of the State of Maryland, referred to in paragraphs 19, 20 and 21 of the complaint, giving the title of the acts referred to, date of passage, and such other information as may be necessary to identify the statute, and if the alleged violation of the law depends upon the provisions of some particular section or part of the statute, the plaintiffs shall so state, indicating the particular portion of the act referred to. Also by directing that the words in paragraph 23 of the complaint, " and other similar stock transactions," be stricken out as irrelevant and immaterial. As so modified the order is affirmed, without costs. Defendants' time to answer extended for twenty days after service of the statement herein required. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur. Settle order on notice.

EDWIN B. DUSENBERRY, Respondent, v. BEDROS G. TERZIAN, Appellant.— Order granting motion to amend title and complaint, and restoring the case to the calendar, reversed upon the law, on argument, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

JOHN J. GRANT, Respondent, v. FRANK KNEPFER, Appellant.— Judgment of the City Court of Yonkers affirmed, with costs. No opinion. Kelly, P. J., Jaycox and Young, JJ., concur; Manning and Kapper, JJ., dissent, and vote to reverse and to dismiss the complaint, upon the ground that the negligence which caused the injury was that of one who was not intrusted by defendant with the control and operation of the car, and that defendant's driver was not acting within the scope of his employment in relinquishing the operation of the car to Goldfarb without defendant's knowledge or consent. (See *Boettcher* v. *Best & Co.*, 203 App. Div. 574; affd., 237 N. Y. 506.)

PHILIP LIPSTEIN and PHILIP GORDON, Copartners, etc., Respondents, v. ENGLISH CONSTRUCTION COMPANY, INC., and UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

MARTIN'S, Appellant, v. MARTIN'S DEPARTMENT STORE, INC., Respondent.— Judgment modified and directed for plaintiff so as to enjoin the defendant permanently from in any manner using the name " Martin's " or " Martin's Department Store, Inc.," or any similar name for or in conjunction with the operation of its store at the southeast corner of Fourteenth street and Sixth avenue, in the borough of Manhattan, New York city, or in conjunction with any other store owned, operated, controlled or maintained by it, with costs to the appellant. Findings of fact and conclusions of law contrary to this decision are reversed, and new findings and conclusions will be made in accordance with this decision. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur. Settle order on notice.